IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

LIZ M. VARGAS-JUARBE,
    Plaintiff,

v.

CITY OF TAMPA, FLORIDA, a
municipality; KEVIN FITZPATRICK,
individually and in his official capacity;
TAMPA POLICE DEPARTMENT, a
political subdivision of the State of Florida;
and CHIEF ERIC WARD, individually and
in his official capacity,
    Defendants.
_____/

CASE NO.:
DIVISION:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, LIZ M. VARGAS-JUARBE, by and through her undersigned attorney, and files this Complaint against Defendants, CITY OF TAMPA, FLORIDA, a municipality; KEVIN FITZPATRICK, individually and in his official capacity; TAMPA POLICE DEPARTMENT, a political subdivision of the State of Florida; and CHIEF ERIC WARD, individually and in his official capacity, for violation of her civil rights under 42 U.S.C. § 1983, as well as state law, and in support thereof alleges as follows:

### INTRODUCTION

Plaintiff, LIZ VARGAS-JUARBE, had just dropped her young child off at West Tampa Elementary School when a TAMPA POLICE DEPARTMENT Officer initiated a traffic stop on her vehicle. Upon making contact, a verbal argument ensued between Plaintiff VARGAS-JUARBE and Defendant, Officer KEVIN FITZPATRICK. Defendant FITZPATRICK subjected Plaintiff VARGAS-JUARBE to physical injury by employing an excessive use of force when he slammed Plaintiff VARGAS-JUARBE to the ground while unlawfully arresting her.

## PARTIES

1. At all times material to this action, Plaintiff, LIZ VARGAS-JUARBE, resided in Tampa, Hillsborough County, Florida.

2. Defendant CITY OF TAMPA, FLORIDA, is a municipality organized and existing under the laws of the State of Florida.

3. Defendant TAMPA POLICE DEPARTMENT is an Agency of the State of Florida, operating in Tampa, Hillsborough County, Florida.

4. At all times relevant to this action, Defendant KEVIN FITZPATRICK was a Police Officer employed by Defendant TAMPA POLICE DEPARTMENT.

5. At all times material, Defendant KEVIN FITZPATRICK was acting individually and in an official capacity on behalf of CITY OF TAMPA, FLORIDA.

6. At all times material, Defendant CHIEF ERIC WARD was the Chief of Police of the City of Tampa, Florida, Police Department.

7. As the Chief of Police, Defendant CHIEF ERIC WARD was the appointed individual under whose jurisdiction the violations complained of herein occurred.

8. At all times material, Defendant ROBERT F. BUCKHORN was the Mayor of the City of Tampa, Florida.

9. As the Mayor of Tampa, Defendant ROBERT F. BUCKHORN was the elected individual under whose jurisdiction the violations complained of herein occurred.

## JURISDICTION AND VENUE

10. Jurisdiction and venue are proper in this court pursuant to Chapter 47, Florida Statutes, because, among other reasons, the incident that gives rise to this action occurred in Tampa, Hillsborough County, Florida.

11. Plaintiff has filed her timely Notices of Claim pursuant to Fla. Stat. § 768.28, regarding Plaintiff's state tort claims against Defendants and Defendants have rejected the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## FACTS

12. On November 5, 2014, Plaintiff LIZ VARGAS-JUARBE suffered painful injuries and emotional distress after being slammed to the ground in a use of excessive force during an unlawful arrest by Defendant KEVIN FITZPATRICK, an Officer employed by Defendant TAMPA POLICE DEPARTMENT.

13. At approximately 7:00 am on November 5, 2014, Plaintiff VARGAS-JUARBE was driving her vehicle on W. Walnut Street, on the way to drop off her child at West Tampa Elementary School, located at 2714 Walnut Street in Tampa, Florida.

14. At this time, Defendant, Officer KEVIN FITZPATRICK, was on patrol of the area in his squad car, and alleges he was following Plaintiff VARGAS-JUARBE before she drove up to the child drop-off zone of the school.

15. Defendant FITPATRICK claims that the license plate on VARGAS-JUARBE's vehicle was obscured; the license plate was fitted with a translucent-tinted plastic cover, commonly sold in stores.

16. Moments after Plaintiff VARGAS-JUARBE dropped off her child in the student drop-off area of the school, and just before she parked her car in order to go eat breakfast with her child in the school, Defendant FITZPATRICK turned on the lights on his police cruiser and initiated a traffic stop of VARGAS-JUARBE's vehicle.

17. Mrs. VARGAS-JUARBE pulled her vehicle over approximately 75 yards from where she had just dropped off her young child and then stepped out of her vehicle and stood just outside of it with the door still open.

18. Defendant FITZPATRICK approached Plaintiff VARGAS-JUARBE's vehicle, and there was a verbal exchange between the two where Defendant FITZPATRICK takes an aggressive and imposing physical stance to Plaintiff VARGAS-JUARBE, preventing her from being able to feel free to move because of Defendant FITZPATRICK's close physical proximity.

19. The entire encounter was recorded by the dash-mounted camera in the police cruiser; however, there is no audio record of the encounter, because Defendant FITZPATRICK's L3 microphone was not functioning at the time.

20. Defendant FITZPATRICK alleges that, during the verbal exchange, he informed Plaintiff VARGAS-JUARBE that he was pulling her over due to an obstructed license plate, and he alleges that Mrs. VARGAS-JUARBE became instantly irate, claiming that she stated he had no right to pull her over; this claim is contradicted by the video.

21. At the time she was stopped, Plaintiff VARGAS-JUARBE believed she had not committed any traffic infractions. She attempted to explain to Defendant FITZPATRICK that she did not understand the reason she why she was pulled over, but FITZPATRICK continued to demand that she hand over the license, registration, and insurance card.

22. After a very brief verbal exchange, the video evidence shows Defendant FITPATRICK physically confronting Plaintiff VARGAS-JUARBE and attempting to control her by grabbing her wrists. When Plaintiff VARGAS-JUARBE attempted to pull back from FITZPATRICK's firm grip on her arms, Defendant FITZPATRICK grabbed Mrs.

VARGAS-JUARBE, pinned her arms behind her back, and violently slammed her to the ground, causing multiple injuries in the process.

23. In internal police department reports covering the incident, it is claimed that Defendant FITZPATRICK attempted to use the radio to call for backup, but his microphone was not functioning at the time and his radio was not tuned to the right frequency; there is nothing in the video evidence to validate this claim and Defendant FITZPATRICK himself made no mention of attempting to call for backup during any depositions regarding this incident.

24. After being violently slammed to the ground by Defendant FITZPATRICK and while he was still holding her down, Plaintiff VARGAS-JUARBE called out for help but, instead, a school resource officer—who did not witness the events leading up to VARGAS-JUARBE being pinned to the ground—joined in handcuffing Mrs. VARGAS-JUARBE. This entire incident took place just outside of the vicinity of the school where Plaintiff VARGAS-JUARBE had just dropped off her young child.

25. Plaintiff VARGAS-JUARBE was then forced to her feet and placed in the back of the squad car. She was placed under arrest for resisting arrest without violence. She was taken to jail, but was later released and she immediately called for a ride to the hospital.

26. The State Attorney for Hillsborough County subsequently dismissed the charges against Mrs. VARGAS-JUARBE (see Exhibit "A", attached).

27. As a result of being slammed to the ground by Defendant FITZPATRICK, Plaintiff VARGAS-JUARBE suffered painful physical injuries, as well as severe emotional distress.

## COUNT I—Excessive Use of Force Pursuant to 42 U.S.C. § 1983 in Violation of the Eighth and Fourteenth Amendments

**(as against Defendants CITY OF TAMPA, FLORIDA; TAMPA POLICE DEPARTMENT; CHIEF ERIC WARD; and KEVIN FITZPATRICK)**

28. Plaintiff VARGAS-JUARBE repeats and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein, and further alleges:

29. This Count I is brought pursuant to 42 U.S.C. § 1983 to redress violations of the Eighth and Fourteenth Amendments of the Constitution of the United States.

30. At all times relevant, Defendant FITZPATRICK was acting within the course and scope of his employment as an employee of TAMPA POLICE DEPARTMENT and CITY OF TAMPA, FLORIDA, and as an agent of CHIEF ERIC WARD.

31. Plaintiff VARGAS-JUARBE was deprived of her right to be free from unreasonable arrest, seizure, and physical injury when Defendant FITZPATRICK, an officer and agent of Defendant TAMPA POLICE DEPARTMENT, without probable cause or reasonable suspicion and with legal malice, assaulted and battered Plaintiff VARGAS-JUARBE by slamming her to the ground during an incident that stemmed from a traffic stop based on a partially obscured license plate.

32. Plaintiff VARGAS-JUARBE was assaulted, battered, suffered multiple injuries, and was then arrested and placed in jail without probable cause by Defendants FITZPATRICK and TAMPA POLICE DEPARTMENT for the alleged crime of resisting arrest without violence.

33. Defendant TAMPA POLICE DEPARTMENT, by its policies and procedures and specifically by its approval of Defendant FITZPATRICK's actions in this incident, jointly participated in the acts of Defendant FITZPATRICK.

34. Defendants TAMPA POLICE DEPARTMENT and FITZPATRICK were both acting under color of state law at all times material to this action.

35. As Chief of Tampa Police, Defendant ERIC WARD is responsible for the day to day administration of TAMPA POLICE DEPARTMENT and its rules, regulations, policies, and procedures, as well as the training and supervision of its officers and the conduct of said officers, including Defendant FITZPATRICK.

36. Defendant TAMPA POLICE DEPARTMENT's custom, policy, or practice resulted in multiple injuries to Plaintiff VARGAS-JUARBE in violation of her rights as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, including, *inter alia*, protection against unreasonable arrest and physical injury.

WHEREFORE, on this Count I, due to the multiple physical injuries and emotional distress sustained as a result of the constitutional violation on the part of the Defendants, Plaintiff LIZ VARGAS-JUARBE has sustained damages and seeks redress of said damages from Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, CHIEF ERIC WARD, and KEVIN FITZPATRICK. Plaintiff VARGAS-JUARBE respectfully requests that this Honorable Court award Plaintiff the damages defined herein, any and all compensatory damages suffered by Plaintiff, attorneys' fees, and such other further relief as this Court deems just and equitable.

### COUNT II—State Law Battery (Bad Faith, Willful and Wanton)
### (as against Defendant KEVIN FITZPATRICK)

37. Plaintiff VARGAS-JUARBE repeats and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein, and further alleges:

38. During the incident described herein, Defendant KEVIN FITZPATRICK physically confined Plaintiff LIZ VARGAS-JUARBE by taking a firm hold of her arms and then slamming her hard to the ground.

39. Plaintiff VARGAS-JUARBE suffered multiple injuries as a result of being slammed hard to the ground by Defendant FITZPATRICK.

40. Defendant FITZPATRICK committed battery on Plaintiff VARGAS-JUARBE by his infliction of an offensive contact upon Plaintiff with the intent to cause such contact, and Plaintiff suffered damages.

41. At all times material to this action, Defendant FITZPATRICK was acting within the course and scope of his employment as an officer on behalf of Defendant TAMPA POLICE DEPARTMENT.

42. Defendant FITZPATRICK, without probable cause, used excessive and unreasonable force under the circumstances, as Plaintiff VARGAS-JUARBE was not physically assaulting him and was only attempting to free herself from the unreasonable physical encounter initiated by Defendant FITZPATRICK.

WHEREFORE, on this Count II, due to the multiple physical injuries and emotional distress sustained as a result of the battery on the part of the Defendants, Plaintiff LIZ VARGAS-JUARBE has sustained damages and seeks redress of said damages from Defendant KEVIN FITZPATRICK. Plaintiff VARGAS-JUARBE respectfully requests that this Honorable Court award Plaintiff the damages defined herein, any and all compensatory damages suffered by Plaintiff, attorneys' fees, and such other further relief as this Court deems just and equitable.

### COUNT III—False Arrest
### (as against Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, CHIEF ERIC WARD, and KEVIN FITZPATRICK)

43. Plaintiff VARGAS-JUARBE repeats and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein, and further alleges:

44. At all times relevant, Defendant FITZPATRICK was acting within the course and scope of his employment as an employee of TAMPA POLICE DEPARTMENT and CITY OF TAMPA, FLORIDA, and as an agent of CHIEF ERIC WARD.

45. The incident that is the subject of this action stemmed from a traffic stop, allegedly conducted by Defendant KEVIN FITZPATRICK due to a partially obscured license plate on Plaintiff LIZ VARGAS-JUARBE's vehicle.

46. Defendant FITZPATRICK, without probable cause, unlawfully restrained, handcuffed, and arrested Plaintiff VARGAS-JUARBE against her will, deprived Plaintiff of her liberty, and transported her to jail.

47. Defendant FITZPATRICK acted for the clear purpose of imposing a confinement upon Plaintiff.

48. Defendant FITZPATRICK, having personally participated in the false arrest and unlawful detention of Plaintiff VARGAS-JUARBE, is thereby liable for damages suffered by Plaintiff.

49. Defendant FITZPATRICK, at all times material to this action, was acting within the course and scope of his employment as an officer and agent on behalf of Defendant TAMPA POLICE DEPARTMENT, and Defendant TAMPA POLICE DEPARTMENT approved the seizure and arrest of Plaintiff VARGAS-JUARBE; as such, Defendant TAMPA POLICE DEPARTMENT is thereby liable for damages suffered by Plaintiff.

50. Defendants FITZPATRICK and TAMPA POLICE DEPARTMENT, intentionally and with malice, caused Plaintiff VARGAS-JUARBE's loss of liberty and the resulting damages.

51. Defendants FITZPATRICK and TAMPA POLICE DEPARTMENT are liable for the unlawful detention and deprivation of liberty of Plaintiff VARGAS-JUARBE against her will and without legal authority which, under the circumstances, was both unreasonable and unwarranted.

WHEREFORE, on this Count III, due to the false arrest of Plaintiff on the part of the Defendants, Plaintiff LIZ VARGAS-JUARBE has sustained damages and seeks redress of said damages from Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, CHIEF ERIC WARD, and KEVIN FITZPATRICK. Plaintiff VARGAS-JUARBE respectfully requests that this Honorable Court award Plaintiff the damages defined herein, any and all compensatory damages suffered by Plaintiff, attorneys' fees, and such other further relief as this Court deems just and equitable.

### COUNT IV—Malicious Prosecution
### (as against Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD)

52. Plaintiff VARGAS-JUARBE repeats and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein, and further alleges:

53. This Count IV is an action for malicious prosecution under common law doctrines of Florida regarding this action.

54. As Chief of Tampa Police, Defendant ERIC WARD is responsible for the day to day administration of TAMPA POLICE DEPARTMENT and its rules, regulations, policies, and procedures.

55. At all times relevant, officers for TAMPA POLICE DEPARTMENT acted under the authority of CITY OF TAMPA, FLORIDA.

56. Defendant TAMPA POLICE DEPARTMENT initiated a criminal prosecution against Plaintiff LIZ VARGAS-JUARBE.

57. Defendant TAMPA POLICE DEPARTMENT, by its acts, caused Plaintiff VARGAS-JUARBE to be subjected to criminal prosecution.

58. On August 12, 2015, the criminal proceeding was terminated in favor of Plaintiff VARGAS-JUARBE. See attached Exhibit "A".

59. There was no probable cause for arrest and prosecution of Plaintiff VARGAS-JUARBE.

60. Evidence of malice is an element for the jury to determine and it may be inferred by the lack of probable cause. Termination of the criminal action against Plaintiff VARGAS-JUARBE is evidence of lack of probable cause and could be determined as such by a reasonable jury.

61. Defendant TAMPA POLICE DEPARTMENT acted maliciously by instituting and pursuing a criminal prosecution of Plaintiff VARGAS-JUARBE, and Defendant knew such criminal prosecution was neither warranted nor proper.

62. Plaintiff VARGAS-JUARBE suffered damages as a result of Defendant TAMPA POLICE DEPARTMENT's malicious acts of prosecution.

WHEREFORE, on this Count IV, due to the malicious prosecution of Plaintiff on the part of the Defendant, Plaintiff LIZ VARGAS-JUARBE has sustained damages and seeks redress of said damages from Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD. Plaintiff VARGAS-JUARBE respectfully requests that this Honorable Court award Plaintiff the damages defined herein, any and all compensatory damages suffered by Plaintiff, attorneys' fees, and such other further relief as this Court deems just and equitable.

### COUNT V—Intention Infliction of Emotional Distress
**(as against Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, CHIEF ERIC WARD and KEVIN FITZPATRICK)**

63. Plaintiff VARGAS-JUARBE repeats and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein, and further alleges:

64. The conduct of Defendant KEVIN FITZPATRICK, detailed herein, was intentional, and Defendants intended their behavior when they knew or should have known that Plaintiff LIZ VARGAS-JUARBE would likely suffer emotional distress from their actions.

65. The conduct of Defendant FITZPATRICK was outrageous, beyond all bounds of decency, atrocious, and utterly intolerable in a civilized community.

66. Defendant FITZPATRICK, at all times material to this action, was acting within the course and scope of his employment as an officer and agent on behalf of Defendant TAMPA POLICE DEPARTMENT and CITY OF TAMPA.

67. As Chief of Tampa Police, Defendant ERIC WARD is responsible for the day to day administration of TAMPA POLICE DEPARTMENT and its rules, regulations, policies, and procedures.

68. The conduct of Defendant FITZPATRICK caused Plaintiff VARGAS-JUARBE emotional distress.

69. The emotional distress suffered by Plaintiff VARGAS-JUARBE was severe.

WHEREFORE, on this Count V, due to the intentional infliction of emotional distress on Plaintiff by the Defendants, Plaintiff LIZ VARGAS-JUARBE has sustained damages and seeks redress of said damages from Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, CHIEF ERIC WARD, and KEVIN FITZPATRICK. Plaintiff VARGAS-JUARBE respectfully requests that this Honorable Court award Plaintiff the damages defined herein, any and all compensatory damages suffered by Plaintiff, attorneys' fees, and such other further relief as this Court deems just and equitable.

## **COUNT VI—State Law Battery for the Actions of Officer Kevin Fitzpatrick in the Course and Scope of Employment**
**(as against Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD)**

70. Plaintiff VARGAS-JUARBE repeats and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein, and further alleges:

71. Defendant KEVIN FITZPATRICK battered Plaintiff LIZ VARGAS-JUARBE, which is actionable against Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD in their employer capacity pursuant to Fla. Stat. § 768.28.

72. As Chief of Tampa Police, Defendant ERIC WARD is responsible for the day to day administration of TAMPA POLICE DEPARTMENT and its rules, regulations, policies, and procedures.

73. At all times relevant, officers for TAMPA POLICE DEPARTMENT acted under the authority of CITY OF TAMPA, FLORIDA.

74. The use of force by Defendant FITZPATRICK was excessive and objectively unreasonable under the circumstances, and resulted in a harmful and offense contact on Plaintiff VARGAS-JUARBE against his will, as Defendant FITZPATRICK should have foreseen.

75. The battery and excessive force by Defendant FITZPATRICK against Plaintiff VARGAS-JUARBE occurred within and during the scope and course of Defendant FITZPATRICK's employment as an officer for Defendant TAMPA POLICE DEPARTMENT and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety, and property.

76. The actions of Defendant FITZPATRICK constituted nonconsensual touch or strike battery causing injury to Plaintiff VARGAS-JUARBE in violation of Florida Law.

77. As a direct and proximate result of the acts, omissions, and conduct of Defendant FITZPATRICK, Plaintiff VARGAS-JUARBE suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and/or loss of the ability to earn money.

78. Plaintiff VARGAS-JUARBE's losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future in violation of Plaintiff's rights.

WHEREFORE, on this Count VI, due to the battery of Plaintiff on the part of the Defendant, Plaintiff LIZ VARGAS-JUARBE has sustained damages and seeks redress of said damages from Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD. Plaintiff VARGAS-JUARBE respectfully requests that this Honorable Court award Plaintiff the damages defined herein, any and all compensatory damages suffered by Plaintiff, attorneys' fees, and such other further relief as this Court deems just and equitable.

### COUNT VII—Policy Liability, 42 U.S.C. § 1983
**(as against Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD)**

79. Plaintiff VARGAS-JUARBE repeats and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein, and further alleges:

80. At all times relevant, Defendant FITZPATRICK was acting within the course and scope of his employment as an employee of TAMPA POLICE DEPARTMENT and CITY OF TAMPA, FLORIDA, and as an agent of CHIEF ERIC WARD.

81. Plaintiff VARGAS-JUARBE was deprived of her right to be free from unreasonable arrest, seizure, and physical injury when Defendant FITZPATRICK, an officer and agent of Defendant TAMPA POLICE DEPARTMENT, without probable cause or reasonable suspicion and with legal malice, assaulted and battered Plaintiff VARGAS-JUARBE by

slamming her to the ground during an incident that stemmed from a traffic stop based on a partially obscured license plate.

82. Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD failed to prepare their officers, in particular Defendant FITZPATRICK, on how to perform an arrest without resorting to the use of unreasonably excessive force.

83. Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD knew encounters of this nature were likely, and further knew that they had a duty to exercise reasonable care in training their officers concerning the use of unreasonably excessive force.

84. The prevalence and recurrence of the use of unreasonably excessive force by officers in the general public put Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD on notice that their officers must be trained on when to use reasonable force and, especially, when to refrain from using unreasonably excessive force when performing an arrest.

85. The need to avoid the use of unreasonably excessive force is so manifest and obvious that training each officer employed by Defendants is a condition precedent to successful and safe work by officers for TAMPA POLICE DEPARTMENT.

86. Defendants named in this count either completely lack sufficient and adequate training to address these prevalent concerns or have deficient or nominal training in this area; as a result, Defendants' officers are not properly prepared to handle predictable and frequent encounters during arrest which do not warrant the use of unreasonably excessive force.

87. By the failures set forth above, Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD acted with deliberate indifference to a known

risk of constitutional deprivation to Plaintiff VARGAS-JUARBE and other similarly situated citizens.

88. As a result of the deliberate indifference of the Defendants named in this count to the risk of deprivation of Plaintiff VARGAS-JUARBE's and other similarly situated citizens' constitutional liberty interests, Plaintiff VARGAS-JUARBE suffered serious injury and incurred resulting damages.

89. Plaintiff VARGAS-JUARBE could not have reasonably discovered that Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMNET, and CHIEF ERIC WARD failed to provide adequate training, because such knowledge was specifically held by officers and agents of the Defendants named in this count.

90. Despite their knowledge of prior instances of unconstitutional conduct, the Defendants named in this count failed to take remedial action.

91. It was the policy of the Defendants named in this count to inadequately train, supervise, and discipline officers, specifically Defendant FITZPATRICK, regarding the use of unreasonably excessive force, thereby failing to adequately discourage further violations on the part of Defendants' officers.

92. As a result of the above-described policies and customs, officers for Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD, specifically Defendant FITZPATRICK, believed their actions would not be properly monitored by supervisory officers and misconduct would not be investigated or sanctioned, but would instead be tolerated; in this case, Internal Affairs placed no responsibility on Defendant FITZPATRICK, having failed to acknowledge his lack of training and the factual

inconsistencies between the actual event described herein and Defendant FITZPATRICK's account of the event during the Internal Affairs investigation.

93. The wrongful policies, practices, customs, and/or usages complained of herein demonstrate a deliberate indifference on the part of the Defendants named in this count to the constitutional rights of citizens, and this deliberate indifference is the direct and proximate cause of the violations of Plaintiff VARGAS-JUARBE's rights alleged herein.

94. As a direct and proximate result of the conduct of Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD and their officers, specifically Defendant FITZPATRICK, Plaintiff VARGAS-JUARBE suffered bodily injury and resulting pain and suffering, disfigurement, mental anguish, and loss of capacity for the enjoyment of life.

95. Plaintiff VARGAS-JUARBE will suffer these losses in the future in violation of Plaintiff's rights.

WHEREFORE, on this Count VII, due to the policies of Defendants, Plaintiff LIZ VARGAS-JUARBE has sustained damages and seeks redress of said damages from Defendants CITY OF TAMPA, TAMPA POLICE DEPARTMENT, and CHIEF ERIC WARD. Plaintiff VARGAS-JUARBE respectfully requests that this Honorable Court award Plaintiff the damages defined herein, any and all compensatory damages suffered by Plaintiff, attorneys' fees, and such other further relief as this Court deems just and equitable.

### COUNT VIII—Fraud
**(as against Defendant KEVIN FITZPATRICK)**

96. Plaintiff VARGAS-JUARBE repeats and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein, and further alleges:

97. Florida Statutes § 838.022 prohibits official misconduct. The Statute provides: (1) It is unlawful for a public servant, with corrupt intent to obtain a benefit for any person or to cause harm to another, to: (a) Falsify, or cause another person to falsify, any official record or official document; (b) Conceal, cover up, destroy, mutilate, or alter any official record or official document or cause another person to perform such an act; or (c) Obstruct, delay, or prevent the communication of information relating to the commission of a felony that directly involves or affects the public agency or public entity served by the public servant. (2) For the purposes of this section: (a) The term "public servant" does not include a candidate who does not otherwise qualify as a public servant, (b) An official record or official document includes only public records. (3) Any person who violates this section commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

98. Defendant KEVIN FITZPATRICK perpetrated fraud, as defined in Fla. Stat. § 838.022, sections 4(a) and 4(c).

99. In responding to and handling the matter involving injury to the Plaintiff, FITZPATRICK obstructed, delayed, and prevented the communication of information regarding the excessive use of force used against Plaintiff VARGAS-JUARBE by fabricating and falsifying his account of the incident; specifically, FITZPATRICK reported that Plaintiff VARGAS-JUARBE was aggressive and confrontational, though there is no evidence to support this claim.

100. As a result of Defendant FITZPATRICK's fraud, Plaintiff VARGAS-JUARBE was deprived of the lawful and reasonable services of the CITY OF TAMPA and TAMPA POLICE DEPARTMENT, a lawful investigation into the crime committed

against Plaintiff, restitution for the crime committed by Defendant FITZPATRICK against Plaintiff, feasance in official duties of TAMPA POLICE DEPARTMENT, and other constitutional rights to due process of law, while Defendant FITZPATRICK was acting within the scope of his employment, with actual and apparent authority to do so by TAMPA POLICE DEPARTMENT.

WHEREFORE, on this Count VIII, due to the fraud perpetrated by Defendant, Plaintiff LIZ VARGAS-JUARBE has sustained damages and seeks redress of said damages from Defendant KEVIN FITZPATRICK. Plaintiff VARGAS-JUARBE respectfully requests that this Honorable Court award Plaintiff the damages defined herein, any and all compensatory damages suffered by Plaintiff, attorneys' fees, and such other further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff LIZ VARGAS-JUARBE hereby demands trial by jury on all issues so triable.

DATED this 3rd day of August, 2016.

Respectfully submitted,

*/s/ Lee M. Pearlman*
LEE M. PEARLMAN, ESQUIRE
10812 Gandy Blvd
St. Petersburg, FL 33702
Ph: 727-202-6917
FBN: 0053551
Lee@tampabayfloridalawyers.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via process server along with the summons on CITY OF TAMPA, TAMPA POLICE DEPARTMENT, KEVIN FITZPATRICK, and CHIEF ERIC WARD.

THE LAW OFFICES OF PEARLMAN & CLARK, P.A.

*/s/ Lee M. Pearlman*
LEE M. PEARLMAN, ESQUIRE
10812 Gandy Blvd
St. Petersburg, FL 33702
Ph: 727-202-6917
FBN: 0053551
Lee@tampabayfloridalawyers.com
Attorney for Plaintiff